IN THE OREGON TAX COURT

SWASHBUCKLER, INC.,
an Oregon Chapter S corporation
*v.*
DEPARTMENT OF REVENUE
(TC 3289)

Harold L. Eddleman, President, represented plaintiff.

Joseph A. Laronge, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered July 13, 1993.

**CARL N. BYERS, Judge.**

Plaintiff claims its boat, "The Belle of Newport," is exempt from ad valorem taxation. Defendant centrally assessed the boat for the 1992-93 tax year as water transportation property under ORS 308.505 *et seq*. Plaintiff's appeal claims error by defendant on several grounds.

## FACTS

The Belle of Newport (The Belle) is a small version of a Mississippi sternwheeler. Approximately 90 feet long (including gangplank) and 24 feet across, it can carry 149 passengers and a crew of eight. The Belle is the product and inspiration of Harold L. Eddleman, a principal shareholder

and president of plaintiff. He envisioned a tour boat for Yaquina Bay for sightseeing and dinner cruises. He designed and constructed The Belle over a four-year period. It was launched in 1991 but did not meet with financial success and ceased operations in February, 1993.

Mr. Eddleman testified that The Belle obtained nine separate licenses to operate in the bay. The State Marine Board issued an Oregon Charter Vessel License which authorized the taxpayer to operate The Belle up to twenty miles from its home port of Newport. However, the vessel was authorized by the United States Coast Guard to operate only east of channel marker No. 7 and in tributaries of the bay.

## OCEAN CHARTER VESSEL

■ Plaintiff claims The Belle is exempt from ad valorem taxation. Plaintiff's president believes the fee paid for an ocean charter vessel is in lieu of property taxes. An ocean charter vessel is defined by ORS 830.430(2) as "a vessel used in the business of carrying passengers for hire for angling, sightseeing or other recreational purposes *in the ocean.*" (Emphasis added.) Since The Belle did not operate in the ocean, it does not qualify as an ocean charter vessel. Plaintiff contends that the words "in the ocean" are misplaced in the statute. However, plaintiff did not cite any legislative history or other evidence to establish that the legislature did not intend what it said. Since the Coast Guard certified The Belle for use in the bay only, an Oregon Charter Vessel License to operate in the ocean is unnecessary and can have no effect on The Belle's taxable status.

## CERTIFICATE OF NUMBER OR REGISTRATION

ORS 830.790 sets forth the fees to be paid for the registration of boats. Plaintiff claims that it paid the fee provided for under ORS 830.790(1)(d) for motor boats 20 feet or more in length. Defendant contends that, since plaintiff is assessable by the Department of Revenue under ORS 308.505 *et seq*, plaintiff should have paid the fee under ORS 830.790(1)(e). Other than a difference in the amount[1] of the

---

[1] Neither party submitted evidence of the specific amount paid to the Marine Board.

fees payable to the Marine Board, the significance of this is found in ORS 830.790(2), which provides:

> "Except for the licenses referred to in paragraph (e) of subsection (1) of this section, the fees provided by this section are *in lieu of any other tax* or license fee." (Emphasis added.)

■    Thus, the dispute between the parties turns on whether plaintiff is subject to central assessment. ORS 308.515(1)(a) subjects to central assessment companies which provide "water transportation upon inland waters of the State of Oregon." Transportation is defined by the statute as follows:

> " 'Transportation' includes the carrying, conveying or moving of passengers, commodities, express, mail, rolling stock, cars, vehicles, equipment or any other property from one place to another." ORS 308.505(4).

Plaintiff contends that The Belle does not convey passengers "from one place to another" because it lets the passengers off at the same location it picks them up. However, the definition is not exclusive but uses the word "includes." The court believes the legislature intended a broad definition which does include sightseeing and other services which may convey passengers some distance but always returns them to the point of departure. Accordingly, the court must find that plaintiff is subject to central assessment and is not exempt from ad valorem taxation.

Defendant's Opinion and Order No. PTU-92-16 is sustained.

Costs to neither party.